*CFK*

$400

POST & SCHELL, P.C.
BY: MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103-2808
215-587-1000

**18      5594**

ATTORNEYS FOR DEFENDANTS

HEATHER DERITIS,

                Plaintiff,

          v.

CVS PHARMACY, Store 1064; CVS
PHARMACY, INC.; and, PENNSYLVANIA
CVS PHARMACY, LLC,

                Defendants.

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

No.



FILED

DEC 27 2018

KATE ... IAN, Clerk
By ... Dep. Clerk

## DEFENDANT, PENNSYLVANIA CVS PHARMACY, L.L.C.'S (IMPROPERLY NAMED AS CVS PHARMACY, STORE 1064 AND CVS PHARMACY, INC.), PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441

Defendant, Pennsylvania CVS Pharmacy, L.L.C. (improperly named as CVS Pharmacy, Store 1064 and CVS Pharmacy, Inc.), by and through its attorneys, Post & Schell, P.C., hereby petitions to remove the above-captioned action, which is presently in the Court of Common Pleas, Philadelphia County, December Term, No. 54, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.,* and in support thereof, avers as follows:

## I.    NATURE OF ACTION

1.    This action arises out of an alleged slip and fall accident that occurred on January 5, 2017 outside a CVS store located in Philadelphia, PA. See a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2.     Plaintiff is a resident of Pennsylvania with an address of 1089 N. Academy Avenue, Glenolden, Pennsylvania 19036. Id.

3.     Defendant, Pennsylvania CVS Pharmacy, L.L.C. (improperly named as CVS Pharmacy, Store 1064[1]) is a Pennsylvania limited liability company with a business address of 1826 Chestnut Street, Philadelphia, Pennsylvania. See Affidavit of Melanie K. Luker attached hereto as Exhibit "B."

4.     The sole managing member of Pennsylvania CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc., who is also named as a defendant in this action. Id.

5.     Defendant, CVS Pharmacy, Inc., is a foreign corporation with a principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. Id.

6.     Plaintiff alleges to have suffered "severe and permanent injuries in and about her person including, but not limited to a concussion and post-concussion syndrome; severe and prolonged headaches, dizziness, imbalance issues, photophobia, memory impairment, stress, depression and anxiety; shoulder pain; low back pain, L4-5 disc bulge, L5-S1 posterior disc protrusion; neck pain and radiating neck pain into her left arm, cervical radiculopathy, C4-5 disc protrusion, C5-6 bulge with left subarticular tear; right hip pain; left buttock and coccyx pain, bruising and contusions, sleep loss and weight gain, as a result of which she was rendered sick, sore and lame and as a further result of which Plaintiff, Heather DeRitis, was made to undergo and suffer great mental anguish, emotional distress, embarrassment, humiliation, physical pain, and loss of life's pleasures." Plaintiff also alleges to have incurred, *inter alia*, medical and financial expenses, both past and future, and claims to be prevented from attending to usual activities of daily living. See Exhibit "A" at ¶¶12-14.

---

[1] CVS Pharmacy Store 1064 is not an existing legal entity. See Exhibit "B."

7.    Pursuant to Pennsylvania pleading rules, Plaintiff has also asserted that the alleged damages are in excess of the $50,000 jurisdictional limits of a Board of Arbitrators. See Exhibit "A."

## II.    PROCEDURAL HISTORY

8.    On or about November 30, 2018 Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas. See Exhibit "A."

9.    The Complaint was served on Pennsylvania CVS Pharmacy, L.L.C. on December 4, 2018.

10.    Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendants shall have thirty (30) days after service of the Complaint to file a notice of removal.

11.    This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendants and is, therefore, timely under 28 U.S.C. § 1446(b).

## III.    LEGAL ARGUMENT

### A.    THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

12.    Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

13.    Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

14.    A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

15. Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

16. In addition, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

17. As stated above, as well as in the Complaint, Plaintiff is a resident of Pennsylvania.

18. Pennsylvania CVS Pharmacy, L.L.C's sole managing member is CVS Pharmacy, Inc. As the sole managing member of the LLC, the citizenship of CVS Pharmacy, Inc. (Rhode Island) is used to determine the citizenship of Pennsylvania CVS Pharmacy, L.L.C.

19. As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania) and the Defendants (Rhode Island).

## B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

20. Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

21. The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

22. "The amount in controversy is **not** measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

4

23.     The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

24.     In this case, Plaintiff alleges to have suffered "severe and permanent injuries in and about her person including, but not limited to a concussion and post-concussion syndrome; severe and prolonged headaches, dizziness, imbalance issues, photophobia, memory impairment, stress, depression and anxiety; shoulder pain; low back pain, L4-5 disc bulge, L5-S1 posterior disc protrusion; neck pain and radiating neck pain into her left arm, cervical radiculopathy, C4-5 disc protrusion, C5-6 bulge with left subarticular tear; right hip pain; left buttock and coccyx pain, bruising and contusions, sleep loss and weight gain, as a result of which she was rendered sick, sore and lame and as a further result of which Plaintiff, Heather DeRitis, was made to undergo and suffer great mental anguish, emotional distress, embarrassment, humiliation, physical pain, and loss of life's pleasures." Plaintiff also alleges to have incurred, *inter alia*, medical and financial expenses, both past and future, and claims to be prevented from attending to usual activities of daily living. See Exhibit "A" at ¶¶12-14.

25.     Considering all of these items of claimed recoverable damages, while Defendants dispute Plaintiff's allegations, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 minimum.

5

## IV.    CONCLUSION

26.    Therefore, with both the existence of diversity of citizenship between the parties and the amount of controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE,** Defendant, Pennsylvania CVS Pharmacy, L.L.C. (improperly named as CVS Pharmacy, Store 1064 and CVS Pharmacy, Inc.), respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

**BY**:  _____

**DATED:** December 27, 2018       MARC H. PERRY, ESQUIRE
CHRISTOPHER T. CHANCLER, ESQUIRE
Attorneys for DEFENDANTS

# EXHIBIT "A"

## CIVIL ACTION COMPLAINT

## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

### DECEMBER 2018

E-Filing Number 1811063788

### 000054

PLAINTIFF'S NAME
HEATHER DERITIS

DEFENDANT'S NAME
??? CORPORATION, et al.

PLAINTIFF'S ADDRESS
108 N. ACADEMY AVENUE
GLENOLDEN PA 19036

DEFENDANT'S ADDRESS
???
??? PA 14-34

RECEIVED

DEC 11 2018

RISK MANAGEMENT

PLAINTIFF'S NAME

DEFENDANT'S NAME
CVS PHARMACY INC.

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
. CVS DRIVE
WOONSOCKET RI 02895

PLAINTIFF'S NAME

DEFENDANT'S NAME
PENNSYLVANIA CVS PHARMACY, LLC

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
??? 3A ??? DRIVE
SPRINGFIELD PA 1906,

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W D Survival |

CASE TYPE AND CODE

2S     PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

NOV 30 2018

**M. BRYANT**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES     NO

### TO THE PROTHONOTARY

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant   HEATHER DERITIS

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
RICHARD A. STOLOFF

ADDRESS
605 NEW ROAD
LINWOOD NJ 08221

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (609)601-2233 | (609)601-2238 |

SUPREME COURT IDENTIFICATION NO.
62001

E-MAIL ADDRESS
rasto_office@stolofflaw.net

SIGNATURE OF FILING ATTORNEY OR PARTY
RICHARD STOLOFF

DATE SUBMITTED
Friday, November 30, 2018, 03:49 pm

FINAL COPY (Approved by the Prothonotary Clerk)

LAW OFFICES OF RICHARD A. STOLOFF
By Richard A. Stoloff, Esquire
Identification No. 62001
By: Benjamin N. Giallareto, Esquire
Identification No. 59511
1500 JFK Boulevard, Suite 520
Philadelphia, PA 19102
215-988-9800
ATTORNEYS FOR PLAINTIFF

MAJOR CASE-NON JURY



HEATHER DERITIS
1089 N. Academy Avenue
Glenolden, PA 19036

VS

CVS PHARMACY, Store 1064
1826 Chestnut Street
Philadelphia, PA 19103
&
CVS PHARMACY INC
1 CVS Drive
Woonsocket, RI 02895
&
PENNSYLVANIA CVS PHARMACY LLC
795 Baltimore Pike
Springfield, PA 19064

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM 2018

NO

## COMPLAINT IN CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. Your are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascutar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, las corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados
de Filadelfia
Servicio de Referencia e
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333  TTY (215) 451-6197  Case ID: 181203001

LAW OFFICES OF RICHARD A. STOLOFF       MAJOR CASE-NON JURY
By  Richard A. Stoloff, Esquire
Identification No  62001
By.  Benjamin N. Gialloreto, Esquire
Identification No.  59511
1500 JFK Boulevard, Suite 520
Philadelphia, PA 19102
215-988-9800
ATTORNEYS FOR PLAINTIFF

| HEATHER DERITIS | | COURT OF COMMON PLEAS |
|---|---|---|
| 1089 N. Academy Avenue | | PHILADELPHIA COUNTY |
| Glenolden, PA 19036 | | |
| | : | |
| VS | : | TERM, 2018 |
| | : | |
| CVS PHARMACY, Store 1064 | . | |
| 1826 Chestnut Street | | NO: |
| Philadelphia, PA 19103 | . | |
|     & | | |
| CVS PHARMACY INC. | : | |
| 1 CVS Drive | . | |
| Woonsocket, RI  02895 | | |
|     & | | |
| PENNSYLVANIA CVS PHARMACY, LLC | . | |
| 795 Baltimore Pike | : | |
| Springfield, PA 19064 | . | |

### COMPLAINT IN CIVIL ACTION
### PREMISES LIABILITY

1.    Plaintiff, Heather DeRitis, is an adult individual who at all time material hereto

resided at 1089 N  Academy Avenue, Glenolden PA 19036

2.    Defendant, CVS Pharmacy, Store #1064, (hereafter "CVS"), upon information and

belief is a partnership and/or corporation and/or sole proprietorship and/or business entity and/or

individual with authority to do business in the Commonwealth of Pennsylvania with an address

at 1826 Chestnut Street, Philadelphia, PA 19103.

3    Defendant, Pennsylvania CVS Pharmacy LLC. (hereafter "CVS Pharmacy Inc."),

upon information and belief is a partnership and/or corporation and/or sole proprietorship and/or

Case ID: 18     

business entity and/or individual with authority to do business in the Commonwealth of Pennsylvania with an address at 795 Baltimore Pike, Springfield, PA 19064

    4.    Defendant, CVS Pharmacy, Inc. (hereafter "CVS Pharmacy Inc."), upon information and belief is a partnership and/or corporation and/or sole proprietorship and/or business entity and/or individual with authority to do business in the Commonwealth of Pennsylvania with an address at 1 CVS Drive, Woonsocket, RI, 02895.

    5.    At all times material hereto, Defendants owned and/or possessed and/or leased and/or operated and/or were in exclusive control of and/or were responsible for the upkeep and maintenance of the exterior property, sidewalk area and store located at 1826 Chestnut Street, Philadelphia, PA 19103

    6    At all times material hereto, Defendants acted or failed to act individually, and/or by and through its agents, servants and employees within the course and scope of their agency and/or employment.

    7.    On or about January 5, 2017, in the late evening, Plaintiff, Heather DeRitis, a pedestrian, was lawfully on the Defendants' property and store sidewalk at 1826 Chestnut Street, Philadelphia, PA, known as CVS Pharmacy, Store #1064, when she was caused to slip and fall and be thrown violently to the ground due to the dangerous and defective condition of the sidewalk consisting of ice and/or snow on the walkway and sidewalk area and, as a further result, to suffer and sustain the injuries and damages hereinafter more fully set forth at length.

    8    The Defendants knew or should have known of the existence of said dangerous and defective condition, which Defendants were obliged to prevent, correct, remedy, repair, eliminate and/or warn individuals and pedestrians such as Plaintiff

9.    Upon information and belief. On January 5, 2017. Defendants did not have any existing snow removal contracts with any entities.

10    The above incident resulted solely from the negligence and carelessness of Defendants and was due in no manner whatsoever to the acts, or failure to act, on the part of the pedestrian Plaintiff.

11.    The aforesaid occurrences and injuries, which Plaintiff was caused to suffer, were caused by the negligence and carelessness of Defendants, individually and/or by and through their agents, servants and/or employees in that the Defendants:

a.    failed to use due care and to employ reasonable skills in the performance of their duties to provide a safe means of ingress and egress, and a safe walkway and/or sidewalk area for pedestrians like the Plaintiff;

b.    failed to exercise the judgment, care and skill of reasonable persons under similar circumstances;

c.    knew or should have known of said defect consisting of ice and/or snow on the walkway and/or sidewalk area and the dangerous conditions it caused, but nevertheless permitted the premises to remain in an unreasonably unsafe, unsuitable and dangerous condition;

d.    failed to use reasonable prudence and/or care in maintaining the premises and specifically, the walkway and/or sidewalk, and failed to maintain the same in a safe condition as aforesaid;

e    failed to warn and/or properly warn and/or properly and/or adequately warn Plaintiff of said dangerous condition:

f.    failed to exercise reasonable care to inspect and/or discover and/or warn Plaintiff of the dangerous condition.

Case ID: 18 + ca, +

g.   unreasonably exposed Plaintiff to the aforementioned dangerous condition;

h.   with actual and/or constructive notice or knowledge of the dangerous condition permitted said premises to remain in an unreasonably dangerous, unsuitable and unsafe condition,

i   failed to correct, remedy, repair and/or eliminate the said dangerous condition, and

j.   maintained the said premises sidewalk area in an unreasonably dangerous, unsuitable and unsafe condition for an unreasonable time

12    As a direct and proximate result of the negligence and carelessness of Defendants acting as aforesaid, Plaintiff, Heather DeRitis, was caused to suffer severe and permanent injuries in and about her person including, but not limited to a concussion and post-concussion syndrome; severe and prolonged headaches, dizziness, imbalance issues, photophobia, memory impairment, stress, depression and anxiety, shoulder pain, low back pain, L4-5 disc bulge, L5-S1 posterior disc protrusion; neck pain and radiating neck pain into her left arm, cervical radiculopathy, C4-5 disc protrusion, C5-6 bulge with left subarticular tear, right hip pain; left buttock and coccyx pain, bruising and contusions, sleep loss and weight gain, as a result of which she was rendered sick, sore and lame and as a further result of which Plaintiff, Heather DeRitis, was made to undergo and suffer great mental anguish, emotional distress, embarrassment, humiliation, physical pain, and loss of life s pleasures and will continue to suffer the same for an indefinite period of time in the future

13.   As a proximate result of the negligence and carelessness of Defendants, Plaintiff, Heather DeRitis, has been, continues to be and will be for an indefinite period of time in the future obliged to expend various and large sums of money for hospital care, medicine and medical treatment in and about endeavoring to treat and cure herself of her said injuries.

14.   As a proximate result of the negligence and carelessness of Defendants acting as aforesaid, Plaintiff, Heather DeRitis, has been unable to attend to her regular and usual duties and occupation and she suffered a loss, diminution and/or depreciation of her earnings and/or earning capacity, from which she has suffered and will continue to suffer for an indefinite period of time in the future.

WHEREFORE, Plaintiff, Heather DeRitis, requests that this Honorable Court enter judgment in her favor and against Defendants, CVS Pharmacy, Store # 1064, CVS Pharmacy Inc. and Pennsylvania CVS Pharmacy, LLC, individually, jointly, severally and/or in the alternative in an amount in excess of $50,000 together with interest and attorney's fees.

LAW OFFICES OF RICHARD A STOLOFF

BY: *Richard A. Stoloff*
    RICHARD A STOLOFF

BY. *Benjamin N. Gialloreto*
    Benjamin N. Gialloreto
    Attorneys for Plaintiff

## VERIFICATION

I verify that the statements contained in the foregoing document are true and correct   I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities

# EXHIBIT "B"

## AFFIDAVIT OF MELANIE K. LUKER

HEATHER DERITIS,

                Plaintiff,

            v.

CVS PHARMACY, Store 1064; CVS
PHARMACY, INC.; and, PENNSYLVANIA
CVS PHARMACY, LLC,

                Defendants.

IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

No.

### AFFIDAVIT OF MELANIE K. LUKER

BEFORE ME, the undersigned Notary, on this day personally appeared Melanie K. Luker, and being by me first duly sworn, on her oath, states as follows:

1.      My name is Melanie K. Luker, I am over the age of twenty-one and have personal knowledge of the information set forth in this Affidavit. This Affidavit is submitted in support of Defendant Pennsylvania CVS Pharmacy, L.L.C.'s (improperly named as CVS Pharmacy, Store 1064 and CVS Pharmacy, Inc.) Petition for Removal.

2.      I am the Sr. Manager and Assistant Secretary of CVS Pharmacy, Inc.

3.      At the time of the incident alleged in the Complaint, and presently, CVS Pharmacy, Inc. was, and remains, a foreign corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895.

4.      Pennsylvania CVS Pharmacy, L.L.C. is a Pennsylvania limited liability company with a business address of 1826 Chestnut Street, Philadelphia, Pennsylvania.

5.      CVS Pharmacy, Inc. is the sole managing member of Pennsylvania CVS Pharmacy, L.L.C.

6.      "CVS Pharmacy, Store 1064" is not an existing legal entity.

MELANIE K. LUKER

Sworn to before me this
26th the day of _DECEMBER_ , 2018

NOTARY PUBLIC

Jennifer L. Dufresne
Notary Public
State of Rhode Island
My Commission Expires 02/13/2022

2

## CERTIFICATE OF SERVICE

MARC H. PERRY, ESQUIRE hereby states that a true and correct copy of the foregoing Petition for Removal to be electronically filed with the Court and served upon counsel of record.

**POST & SCHELL, P.C.**

**BY**: _____

**DATED:** December 27, 2018

MARC H. PERRY, ESQUIRE
CHRISTOPHER T. CHANCLER, ESQUIRE
Attorneys for DEFENDANTS

9